GREEN v. SPANN.

1. The Circuit Judge may endorse upon a judgment that it was given for the purchase money of specified property, even though no such allegation be contained in the complaint.
2. And such endorsement may be made, under section 2001 of the General Statutes, at a term subsequent to that at which the judgment was rendered, upon the fact being made to appear.

Before WALLACE, J., Richland, December, 1884.

' This was an appeal from an order rendered in open court. The opinion states the case.

*Mr. Preston L. Melton,* for appellant.

*Mr. D. Augustus Straker,* contra.

July 16, 1886.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   The plaintiff sued the defendant on a promissory note for $155, and the defendant allowed judgment for the whole sum to be taken against him by default. Execution was issued thereon and the sheriff attempted to levy the same upon a mule of the defendant, when he claimed said mule as exempt under the homestead law.   Thereupon the sheriff desisted and the plaintiff, by affidavits showing that $82.29 of said judgment was due him as part of the purchase money of a mule in the possession of the defendant, made two motions as follows: First.   That the complaint in the action be amended by inserting an allegation that the sum of $82.29, evidenced by the aforesaid promissory note, was balance due on purchase of a mule now in the possession of the defendant; and, second, that the following endorsement be made on the judgment recovered against the said defendant, "Eighty-two dollars and twenty-nine

cents of this judgment is balance due on the purchase money of a mule bought of plaintiff by defendant."

After hearing all the affidavits, Judge Wallace granted both motions, giving leave to amend the complaint by inserting the proposed allegation, and making the proposed endorsement as to $82.29, on the judgment; and the defendant appeals to this court upon the grounds: First, that the judge erred in permitting the plaintiff after judgment, to amend his complaint as stated ; and, second, in directing the endorsement to be made on the judgment, "that the sum of $82.29 was balance due on the purchase of one mule in possession of the defendant."

From the view which the court takes, it will not be necessary to consider the first ground of appeal, as to the right of the plaintiff, after judgment, to amend his complaint in the particular indicated.    That amendment could only have been asked for, in the view that it was necessary to sustain the proposed endorsement on the judgment, that $82.29 of the judgment was in part the consideration of the mule.    But in order to sustain such a collateral endorsement, we do not think that it was necessary that the complaint should contain such an allegation; and therefore we will not go into the subject as to what amendments are or are not allowed in the interest of justice after judgment has been rendered.

As to the second exception.    The Circuit Judge found as matter of fact (and we agree with him), that eighty-two dollars and twenty-nine cents ($82.29) of the judgment was purchase money of the mule, and ordered an endorsement to that effect to be certified on the judgment.    Assuming the fact to be as found, we cannot say that this was error.    Section 2001 of the General Statutes declares, "that the exemption contained in the preceding section of this chapter shall not extend to an attachment, levy, or sale on any mesne or final process to secure or enforce the payment either of taxes or of obligations contracted for the purchase of said homestead, &c. ; provided, the court or authority issuing said process shall certify thereon that the same is issued for some one or more, and no other of said purposes," &c.    If the fact as to the consideration of the note (to the extent of $82.29) had appeared at the time of the trial, we suppose there could hardly

be a doubt as to the right of the court to make a statement of the fact upon the judgment. There is no limit *as to time* in the act, and we do not see why it could not be as well made afterwards, when the fact appeared.

The judgment of this court is, that so much of the order below as authorized a certificate to be entered on the judgment, "that $82.29 of this judgment is balance due on the purchase money of a mule purchased by the defendant from the plaintiff," be affirmed.